WILLIAM H. BROWN, ESQ. (7623)
BROWN MISHLER, PLLC
911 N. Buffalo Dr., Ste. 202
Las Vegas, Nevada 89128
Tel: (702) 816-2200
Email: WBrown@BrownMishler.com
*Attorney for Defendant*
*Danielle Partington*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br><br>                Plaintiff,<br><br>vs.<br><br>DANIELLE PARTINGTON,<br><br>                Defendant. | 2:22-cr-97-RFB-NJK<br><br>**UNOPPOSED MOTION FOR RULE 5(f) ORDER**[1] |

The Court should enter the attached *Brady* order, as required by the Due Process Protection Act and Rule 5(f)(2). The government doesn't oppose this request.

Dated: November 8, 2024

Respectfully submitted,

By: /s/ *William Brown*
    WILLIAM H. BROWN, ESQ. (7623)
    *Attorney for Defendant*
    *Danielle Partington*

---

[1] Certification: This motion is timely filed.

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of BROWN MISHLER, PLLC, and that on this date I e-filed and e-served, via the Court's CM/ECF filing system, the foregoing **UNOPPOSED MOTION FOR RULE 5(f) ORDER** to the parties of record.

Date: November 8, 2024

By: /s/ *William Brown*
Employee of BROWN MISHLER, PLLC

WILLIAM H. BROWN, ESQ. (7623)
BROWN MISHLER, PLLC
911 N. Buffalo Dr., Ste. 202
Las Vegas, Nevada 89128
Tel: (702) 816-2200
Email: WBrown@BrownMishler.com
*Attorney for Defendant*
*Danielle Partington*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERCIA, | 2:22-cr-97-RFB-NJK |
| Plaintiff, | |
| vs. | **DISCLOSURE ORDER** |
| DANIELLE PARTINGTON, | |
| Defendant. | |

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the government to produce to

the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause

'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

IT IS SO ORDERED.

DATED this 13th day of November, 2024.

_____
UNITED STATES DISTRICT JUDGE