WILLIAM H. BROWN, ESQ. (7623)
BROWN MISHLER, PLLC
911 N. Buffalo Dr., Ste. 202
Las Vegas, Nevada 89128
Tel: (702) 816-2200
WBrown@BrownMishler.com

S. ALEX SPELMAN, ESQ. (14728)
WINTERS SPELMAN PLLC
3191 E Warm Springs Rd, Suite 100
Las Vegas, NV 89120
(702) 832-0342
A.Spelman@wintersspelman.com

*Attorneys for Defendant*
*Danielle Partington*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERCIA, <br><br> Plaintiff, <br><br> vs. <br><br> DANIELLE PARTINGTON, <br><br> Defendant. | 2:22-cr-97-RFB-NJK <br><br> **MOTION TO APPOINT PLEA-REVIEW COUNSEL** |

Defendant Danielle Partington respectfully seeks an order appointing independent counsel for the limited purpose of reviewing her plea agreement and advising her on whether to move to withdraw her guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). This is necessary and appropriate given Ms. Partington's trust and communication issues with current counsel (including during the plea process) and her desire to withdraw her plea agreement.

Specifically, Ms. Partington respectfully requests that this Court: (1) appoint independent counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A; (2) authorize that independent counsel to review Ms. Partington's plea agreement and advise her regarding a potential motion to withdraw her plea under Fed. R. Crim. P. 11(d)(2)(B); (3) set a status hearing or briefing schedule following independent counsel's review; and (4) in the meantime, hold in abeyance all sentencing-related deadlines.

Dated: May 6, 2025

Respectfully submitted,

By: /s/ *William Brown*  
    WILLIAM H. BROWN (7623)  
    BROWN MISHLER, PLLC  
    *Attorney for Defendant*  
    *Danielle Partington*

By: /s/ *Alex Spelman*  
    S. ALEX SPELMAN (14278)  
    WINTERS SPELMAN PLLC  
    *Attorney for Defendant*  
    *Danielle Partington*

## MEMORANDUM OF
## POINTS AND AUTHORITIES

**I. INTRODUCTION**

On March 7, 2025, Ms. Partington entered a guilty plea to one count of conspiracy to distribute a controlled substance in violation of 21 USC §§ 841(a)(1), 841(b)(1)(C), and 846. See ECF No. 125. Sentencing is currently set for June 5, 2025, at 9:15 a.m. See ECF No. 126.

Leading up to Ms. Partington's entry of plea, communication between her and her current counsel became increasingly strained, and the attorney-client relationship has since begun to break down. In part, this owes to Ms. Partington's concerns about advice current counsel provided her in connection with her guilty plea, and Ms. Partington's desire to withdraw her plea.

As a result, Ms. Partington requires independent legal counsel for the limited purpose of evaluating her options regarding withdrawal of her plea before sentencing. Due to the increasingly strained nature of the attorney-client relationship, and the fact that Ms. Partington may wish to withdraw her plea based on assertions of current counsel's ineffectiveness, current counsel cannot ethically or effectively represent Ms. Partington on this limited issue.

To safeguard Ms. Partington's Sixth Amendment right to effective assistance of counsel (including conflict-free counsel), and to avoid later issues regarding the validity of Ms. Partington's plea, appointing independent plea-review counsel is necessary and appropriate.

## II. LEGAL ARGUMENT

### A. This Court Has Authority to Appoint Independent Counsel

This Court possesses the inherent authority to appoint independent counsel for the limited purpose of advising Ms. Partington regarding a potential plea withdrawal.

Federal courts have repeatedly recognized the authority to appoint separate counsel when necessary to protect a defendant's Sixth Amendment rights. See *Wheat v. United States*, 486 U.S. 153, 159 (1988) (interplay between right to chosen attorney and potential conflicts arising from joint representation; acknowledging courts' authority to ensure counsel's undivided loyalty); see also, *United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996) (district court erred by not appointing "disinterested substitute counsel" for hearing on Rule 33 motion alleging ineffective trial counsel).

Federal courts have also vindicated defendants' Sixth Amendment rights by appointing independent or substitute counsel in the plea-withdrawal context. See, e.g., *Wolfe v. Cate*, 2011 WL 202463, at *6 (E. D.

Cal. 2011) (during defendant's "motion to withdraw his plea, independent counsel investigated [defendant's] allegations that his previous counsel and a psychologist colluded to deprive him of his insanity defense."); see also *Dunlap v. Palmer*, 2011 WL 4344042, at *1 (D. Nev. 2011) (defendant moved pro se to withdraw plea and fire counsel, "court appointed an independent attorney to review the plea agreement."); cf. *United States v. Finze*, 428 Fed.Appx. 672, 674 (9th Cir. 2011) (defendant "withdrew his guilty plea after he sought and received appointment of replacement counsel.")

Finally, the Criminal Justice Act, 18 USC § 3006A(a)(1), gives the Court discretion to appoint independent CJA counsel for limited purposes. See, e.g., *United States v. Garcia* (2:21-cr-00315-GMN-EJY) ECF No. 120 (appointing independent CJA counsel "for the limited purpose of reviewing the case.").

## B. Independent Counsel Is Necessary to Protect Ms. Partington's Rights

To withdraw a guilty plea before sentencing, a defendant must show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. Proc. 11(d)(2)(B). Ineffective assistance of counsel in connection with a guilty plea can constitute such a reason. See *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (applying *Strickland* to challenges of guilty pleas); see also, *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008) ("Erroneous or inadequate

legal advice may also constitute a fair and just reason for plea withdrawal, even without a showing of prejudice, when the motion to withdraw is made presentence.") (Cleaned up.)

In the plea context, *Strickland* requires showing "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Current counsel cannot effectively evaluate their own performance against these standards or advise Ms. Partington regarding whether grounds exist to withdraw her plea based on their own potential ineffectiveness. Indeed, requiring current counsel to examine their own performance and prove their own ineffectiveness would create an inherent conflict depriving Ms. Partington of her Sixth Amendment right to effective assistance of counsel. See, e.g., *Del Muro*, 87 F.3d at 1080.

Here, simply put, if current counsel provided materially incorrect or incomplete information to Ms. Partington prior to the entry of her plea, inaccurately advised her regarding the law governing her charges, defenses, and/or plea agreement, or even missed a potential competency issue due to ineffective assistance of counsel, she may have a basis under the Sixth Amendment to withdraw her plea—but current counsel has a conflict of interest in advising her whether they were ineffective and if any of these withdrawal-permissive circumstances exist.

## D. Limited Appointment Is Appropriate

Ms. Partington requests appointment of counsel for the limited purpose of evaluating and potentially filing a motion to withdraw her guilty plea. Appointing independent counsel for this purpose will safeguard Ms. Partington's Sixth Amendment right to effective assistance of counsel and avoid the conflict inherent in asking current counsel to potentially argue their own ineffectiveness. Also, as a practical matter, it makes sense to resolve any issues Ms. Partington has with her plea agreement (including current counsel's role) *now*, prior to sentencing, rather than later on appeal or in § 2255 postconviction habeas corpus proceedings.

## III. CONCLUSION

In conclusion, Ms. Partington respectfully requests that this Court: (1) appoint independent counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A; (2) authorize that independent counsel to review Ms. Partington's plea agreement and advise her regarding a potential motion to withdraw her plea under Fed. R. Crim. P. 11(d)(2)(B); (3) set a status hearing or briefing schedule following independent counsel's review; and (4) in the meantime, hold in abeyance all sentencing-related deadlines.

Dated: May 6, 2025

Respectfully submitted,

By: /s/ *William Brown*
WILLIAM H. BROWN (7623)
BROWN MISHLER, PLLC
*Attorney for Defendant*
*Danielle Partington*

By: /s/ *S. Alex Spelman*
S. ALEX SPELMAN (14728)
WINTERS SPELMAN PLLC
*Attorney for Defendant*
*Danielle Partington*

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge
Dated May 8/2025

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of BROWN MISHLER, PLLC, and that on this date I e-filed and e-served, via the Court's CM/ECF filing system, the foregoing **MOTION TO APPOINT PLEA-REVIEW COUNSEL** to the parties of record.

Date: May 6, 2025

By: /s/ *William Brown*

Employee of BROWN MISHLER, PLLC